KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK A. KROTOSKI (CSBN 138549)
Chief, Criminal Division

GREGG W. LOWDER (CSBN 107864)
Assistant United States Attorney

    450 Golden Gate Ave.
    San Francisco, California  94102
    Telephone:  (415) 436-7044
    Fax: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 06-0431 MMC |
| Plaintiff, | ) | |
| | ) | **ORDER OF DETENTION** |
| v. | ) | **PENDING TRIAL** |
| | ) | |
| RICKY HAWKINS, | ) | |
| Defendant. | ) | |

    Defendant Ricky Hawkins was arraigned on the indictment in this case on June 2, 2006, before the Honorable Maria-Elena James, United States Magistrate Judge.  At the request of the government and based upon a preliminary showing of a serious risk that Defendant would flee (18 U.S.C. § 3142(f)(2)(A)), the Court ordered a detention hearing be held on June 6, 2006.  On June 6, the defense stipulated to detention.  The defense thereafter renewed its request for a detention hearing and, on July 6, 2006, the matter came on for a detention hearing before this Court.  Defendant was present and represented by Elizabeth Falk, Assistant Federal Public Defender.  Assistant United States Attorney Gregg W. Lowder represented the United States.

    Pretrial Services submitted a report recommending detention.  The recommendation was


based, in part, upon a serious risk that Defendant would flee.

Upon consideration of the Pretrial Services report and the proffers of the government as discussed below, the Court finds by a preponderance of evidence that there exists a serious risk Defendant will flee if released in any capacity and that no condition or combination of conditions of release could reasonably assure the appearance of Defendant as required. On this basis the Court orders Defendant detained.

In light of this finding, the Court does not reach the issue of whether Defendant's release in any capacity would endanger the safety of other persons and the community or whether any condition or combination of conditions of release could reasonably assure such safety.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth four factors which the Court must consider in determining whether pretrial detention is warranted. These factors are paraphrased as follows:

    (1) the nature and seriousness of the offense charged;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

With regard to the first factor, the nature and seriousness of the offense charged, the Court considers the present offense to be serious, particularly in light of Defendant's background of convictions, including for violent crime. The nature of the present crime that most bears on Defendant's risk of flight, however, is that he ignored orders by police and attempted to escape.

1  The uncontradicted government proffer indicates that uniformed police officers in a marked
2  patrol car stopped Defendant's car.  After the stop, Defendant began to get out.  An officer
3  ordered him to stay in the car.  Defendant ignored the order, got out and ran.  Police chased and
4  arrested Defendant, catching him only after a several block pursuit.  The Court finds that
5  Defendant's attempted escape supports that Defendant is a flight risk.
6       The Court finds that in addition to the nature and circumstances of the offense,
7  Defendant's history and characteristics provide proof by a preponderance of evidence that he is a
8  flight risk.  Defendant's criminal record is most illustrative.  Based on the Pretrial Services
9  report, Defendant's criminal history over the last six years is characterized by several
10 convictions, including two felonies and several parole violations.  Significantly, in this relatively
11 short period Defendant suffered, when combined, a total of a dozen warrants for failure to
12 appear, probation violations and parole violations.
13      The Court believes that Defendant's lack of amenability to supervision is acutely
14 demonstrated by his failures to appear and his poor probation and parole performance.  The
15 Court finds Defendant's history indicates that he lacks the reliability that would reasonably
16 assure Defendant's appearance as ordered.  The Court further notes that Defendant does not have
17 a stable employment history and did not present any sufficient sureties.  Accordingly, based on
18 all of the above, the Court finds by a preponderance of evidence that no condition or
19 combination of conditions could reasonably assure Defendant's appearance as required.  On this
20 basis the Court orders Defendant detained.[1]
21      Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:
22          (1) Defendant be, and hereby is, committed to the custody of the Attorney

---

[1] The Court notes the government proffer, accompanied by a photograph, that a loaded assault rifle with a silencer welded to its barrel's end was found in Defendant's car's back seat. Since the Court orders Defendant detained as a flight risk, the Court does not reach the issue of community danger.

Detention Order: Ricky Hawkins
CR06-0431 MMC                    3

|   |   |
|---|---|
| 1 | General for confinement in a corrections facility separate, to the extent |
| 2 | practicable, from persons awaiting or serving sentences or being held in custody |
| 3 | pending appeal; |
| 4 | (2) Defendant be afforded reasonable opportunity for private consultation with his |
| 5 | counsel; and |
| 6 | (3) on order of a court of the United States or on request of an attorney for the |
| 7 | government, the person in charge of the corrections facility in which Defendant is |
| 8 | confined shall deliver the defendant to an authorized Deputy United States |
| 9 | Marshal for the purpose of any appearance in connection with a court proceeding. |

Dated: July 18, 2006

EDWARD M. CHEN
United States Magistrate Judge